## CHARLES W. PIERCE & others *vs.* AMOS W. STOCKWELL & others.

A petition in insolvency, under *St.* 1838, c. 163, § 21, by one partner of a firm, setting forth that he and his partner (naming them) are indebted not less than $200, which they are unable to pay in full, and that he wishes to surrender all the joint and separate property of said partners for the benefit of their joint and several creditors, and to obtain his and their discharge from his and their said debts, &c., is sufficient to authorize proceedings in insolvency against the firm.

THIS was a petition to this court under *St.* 1838, *c.* 163, § 18. The whole case sufficiently appears in the opinion of the court.

*A. L. Soule,* for the petitioners.

*W. G. Bates,* for the respondent, Pliny Pratt.

THOMAS, J. This is a petition of creditors under the provisions of the *St.* 1838, *c.* 163, § 18, to set aside and annul the proceedings in insolvency against Almerin Pratt and Pliny Pratt, late partners under the firm of A. Pratt and company, " on the ground that the petition upon which the warrant issued was insufficient and defective." The petition was made by Pliny Pratt, one of the partners, and the defect relied upon is, that the petition does not allege the insolvency of the firm, and of the individual partners. We are of opinion that upon a fair construction, the petition is not open to the objection taken. The petition is not drawn with technical accuracy, but taking the whole together, it is, we think, sufficient.

The petition is as follows: " To Amos W. Stockwell, Esq commissioner of insolvency, within and for the county of Hampden, and commonwealth of Massachusetts, humbly shows Pliny Pratt, of Springfield, in said county of Hampden, that he, with Almerin Pratt, late of said Springfield, now of Granby, in the state of Connecticut, copartners under the name of A. Pratt & Co., and late traders in said Springfield, under said name, are indebted in divers sums of money, amounting in the whole to not less than $200, which they are unable to pay in full, and he wishes to surrender all the joint and separate property of said Pliny Pratt and Almerin Pratt, for the benefit of their joint and several creditors, and to obtain his and their discharge from his and their said debts, according to the statutes in this behalf provided. Wherefore he prays that a warrant may be issued for taking possession of their joint and separate estate, and that such further proceedings may be had in the premises as the law in such cases prescribes. Pliny Pratt."

The allegation is that " Pliny Pratt, Almerin Pratt, partners," are indebted in divers sums of money, which *they,* (not the firm merely, but the said Pliny and Almerin) are unable to pay in full. Then follows a prayer for the sequestration of all the joint and separate property of said Pliny and Almerin, for the benefit of their joint and several creditors, and for his and their discharge from his and their said debts, and for a warrant to take possession of their joint and separate estate. Of the meaning and intent of the petition, looking at it as whole, there can be no reasonable doubt.

The case is clearly distinguishable from those cited by the counsel for the petitioners. In the case of *Parker* v. *Phillips,* 2 Cush. 175, the allegation by one partner was, that individually and as such partner he was indebted in divers sums of money, &c., which he was unable to pay in full. There was no allegation of the insolvency of the firm, or of the inability of the partners to pay the debts.

In the case of *Dearborn* v. *Keith,* 5 Cush. 224, the petitioner, after describing himself as a member of the firm of A. Dearborn and company, represented that he was individually, and

as a copartner indebted in divers large sums of money which he was unable to pay in full, and expressing a wish to surrender all his individual and partnership property for the benefit of his individual and partnership creditors. The warrant directed the messenger to take possession of all the joint and separate estate of the insolvent, and the deed of the commissioner conveyed to the assignee " all the interest of said debtor, being the balance which may be due to him on the settlement of the partnership estate, and all the separate estate real and personal of the debtor."

The result is that the petition in insolvency was sufficient, and that this petition to vacate the proceedings must be dismissed. *Petition dismissed.*